UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OUYEINC LTD., <br><br> Plaintiff, <br> v. <br> INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IN SCHEDULE "A", <br><br> Defendants. | Case No.: 1:20-cv-03591 <br><br> Judge: Honorable John Robert Blakey <br><br> Magistrate Judge: Honorable Gabriel A. Fuentes |

## MOTION FOR SUMMARY JUDGEMENT AND
## MOTION TO DISSOLVE EX PARTE TEMPORARY RESTRAINING ORDER

Defendant Lifestance, Lansley, Naturalrays-offical, Regalico, Avaii, Vennco, GlinLA ("Defendants"), identified in Schedule "A", pursuant to Federal Rule of Civil Procedure Rule 56, respectfully submit this pre-answer Motion for Summary Judgement. The Court should enter the Motion for Summary Judgement finding that Defendants did not infringe Plaintiff's design patent because there is no genuine dispute as to the invalidity of Plaintiff's design patent US D838,859 S ("D'859") which Plaintiff relied its infringement allegation on.

Defendants also respectfully submit a Motion to Dissolve the Ex Parte Temporary Restraining Order ("TRO") issued on June 24, 2020, which was extended on July 13, 2020.

### PROCEDURAL HISTORY

This action arises from alleged design patent infringement of Plaintiff's D'859 Patent pursuant to 35 U.S.C. § 271. Compl. ¶¶ 22-25, ECF No. 1. Plaintiff filed the Complaint on June 18, 2020. ECF No. 1. On June 19, Plaintiff filed an ex parte motion for a temporary restraining order ("TRO") to freeze Defendants' Amazon accounts. ECF No. 8. The *ex parte* TRO was granted on June 24, subsequently, an extension of the TRO was granted on July 13. ECF No. 10&18. On July 17, Plaintiff filed another TRO extension request. ECF No. 20.

# ARGUMENT

## I. Motion for Summary Judgement Based on Invalidity of Plaintiff's D'859 Patent.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating summary judgment motions, courts must view facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, (2007).

There is no infringement issue if the underline patent is invalid. *Hueter v. Compco Corp.*, 179 F.2d 416, 418 (7th Cir. 1950). A patent is presumed valid. 35 U.S.C. § 282. "The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." *Id*. To overcome the presumption of validity, the party asserting invalidity must show it by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 131 (2011).

For a design patent to be valid, it must meet the statutory requirements of novelty and non-obviousness under 35 U.S.C. §§ 101 - 103. *Brookfield Ath. Shoe Co. v. Chi. Roller Skate Co.*, 607 F. Supp. 241, 244 (N.D. Ill. Nov. 27, 1984) (citing *Contico International v. Rubbermaid Commercial Products, Inc.*, 665 F.2d 820, 823 (8th Cir. 1981)).

Here, in light of identical prior arts, Plaintiff's D'859 Patent lacks novelty and non-obviousness because the identical prior arts **A)** anticipated the D'859 Patent design; and **B)** rendered the D'859 Patent design obvious.

### A. Plaintiff's D'859 Patent lacks novelty because the prior art anticipated the design.

Under 35 U.S.C. § 102, a patent lacks novelty when "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." 35 U.S.C. § 102(a)(1).

Novelty requires a determination that the patented invention has not, in fact, been made before. *Brookfield Ath. Shoe Co. v. Chi. Roller Skate Co.*, 607 F. Supp. 241, 245 (N.D. Ill. Nov. 27, 1984) (citing *Malsbary Manufacturing Co. v. Ald, Inc.*, 310 F. Supp. 1112, 1115 (N.D. Ill. 1970), *aff'd*, 447 F.2d 809 (7th Cir. 1971)). No invention can be considered novel if it is substantially identical to a prior invention. *Id*. (citing *Briggs v. Wix Corp.*, 308 F. Supp. 162, 168 (N.D. Ill. 1969)). The novelty of a design patent is examined under the "ordinary observer test":

> The novelty of a design patent is tested by determining the impact of the design upon an ordinary observer. A design patent is novel when the *average observer takes the new design for a different, and not a modified already existing design. Oasis Indus. v. G.K.L. Corp.*, 1994 U.S. Dist. LEXIS 2298, at*14 (N.D.Ill. Mar. 16, 1994) (quoting *Black & Decker Inc. v. Pittway Corp.*, 636 F. Supp. 1193, 1195 (N.D.Ill. 1986)) (emphasis added).

A design patent is anticipated if "in the eye of an ordinary observer, giving such attention as a purchaser usually gives," its design is "substantially the same" as that of the prior art. *Tactical Med. Solutions, Inc. v. Karl*, 2019 U.S. Dist. LEXIS 97545, at*21 (N.D. Ill. Jun. 11, 2019) (citing *Samsung Electronics Co., Ltd. v. Apple, Inc.*, 137 S. Ct. 429, 432 (2016)). Establishing "design patent anticipation requires a showing that a single prior art reference is identical in all material respects to the claimed invention." *Id*. (citing *Door-Master Corp.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001)).

1) <u>Priority date of the D'859 Patent.</u>

The filing date of the D'859 Patent is September 20, 2017. Exh. 1, p.1. Inventor of Jin Yu declared himself/herself to be the original inventor or joint inventor. Exh 2. The USPTO file wrapper does not contain any declaration filed by inventor regarding any prior disclosure of the D'859 Patent. Thus, the filing date September 20, 2017 is the priority date for the D'859 Patent.

2) <u>Prior art reference #1 PRO-WAX100</u>

A video showing a wax warmer device "PRO-WAX100" was posted on YouTube on or about September 11, 2014. URL: https://www.youtube.com/watch?v=K-RVuKMHnmM. A screenshot of the video with "Sep 11, 2014" time stamp is attached hereto as Exhibit 3.

The video was posted more than three years prior to the September 20, 2017 priority date of the D'859 Patent, which qualifies as a prior art publication under 35 U.S.C. § 102(a)(1). Details of the PRO-WAX100 device from the video posted on September 11, 2014 are shown below and compared to the D'859 Design Patent.



Prior art reference #1, Fig. 1



D'859 Patent - Front View



Prior art reference #1, Fig. 2



D'859 Patent – Perspective View

Figure 1. of the PRO-WAX100 device (image captured at 0:03 of the video) discloses a dome-shaped container with a circular knob attached to the front of the device. The front view of the D'859 Patent has an identical dome-shape and the same circular knob design.

Figure 2. of the PRO-WAX100 device (image captured at 2:30 of the video) discloses the design of the lid of the wax warmer, which has three vent holes and a curved top handle over a circular concave surface. The perspective view of the D'859 Patent shows the same vent holes design and the same the top handle cover a circular concave surface.

In addition, the same device is shown in another YouTube video posted on or about July 12, 2017, which qualifies as a prior art publication under 35 U.S.C. § 102(a)(1). A screenshot of the video with "Jul 12, 2017" time stamp and a perspective view of the product is attached hereto as Exhibit 4. URL: https://www.youtube.com/watch?v=Rknzmbc8yjU&t=21s.

The same device was also available for sale on Amazon.com on or before April 23, 2015, which is prior to the priority date of the D'859 Patent. A screenshot with a picture of the device and a verified purchase customer review, dated on April 23, 2015 is attached hereto as Exhibit 5.

3) Prior art reference #2 Foreign Design Patent

An identical design patent, CN 302030662 S, was issued by the China National Intellectual Property Administration on February 7, 2012. A true and correct copy of the design patent with English translation is here by attached as Exhibition 6. The CN 302030662 S Patent was disclosed more than 5 years prior to the priority date of D'859 Patent, and thus qualifies as a prior art publication under 35 U.S.C. § 102(a)(1). Details of the CN 302030662 S Patent are shown below and compared to the D'859 Design Patent.

    

Prior art reference #2, Fig. 1         D'859 Patent - Front View

 

Prior art reference #2, Fig. 2                D'859 Patent – Perspective View

 

Prior art reference #2, Fig. 3                D'859 Patent – Top View

Figure 1. of the CN 302030662 S Patent discloses a dome-shaped container with a circular knob attached to the front of the device. The front view of the D'859 Patent has an identical dome-shape and the same circular knob design.

Figure 2. of the CN 302030662 S Patent discloses the design of the lid of the wax warmer, which has three vent holes and a curved top handle over a circular concave surface. The perspective view of the D'859 Patent shows the same vent holes design and the same the top handle cover a circular concave surface.

Figure 3. of the CN 302030662 S Patent discloses the design of the lid, which has three vent holes, and a top handle that is narrow in the middle and thick on the sides where it connects to the base of the lid. The top view of the D'859 Patent shows identical vent holes design, and the same shape and design of the top handle.

Here, the shape of the D'859 container, the position of the knob, the shape of the handle, and the position of the vent holes on the lid are all identical to that of the prior art. Based on the above analysis, an ordinary observer is likely to view the D'859 Patent substantially the same as the prior art. Therefore, the D'859 Patent lacks novelty and is invalid under 35 U.S.C. § 102.

**B. Plaintiff's D'859 Patent lacks non-obviousness because the prior art rendered the design obvious.**

Under 35 U.S.C. § 103, A patent may not be obtained "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103.

Obviousness is a question of law based upon underlying factual findings, which include: "(1) the scope and content of the prior art, (2) differences between the prior art and the claims at issue, (3) the level of ordinary skill in the pertinent art, and (4) the presence of objective indicia of nonobviousness such as commercial success, long felt but unsolved needs, failure of others, and unexpected results." *Tactical Med. Solutions, Inc.*, 2019 U.S. Dist. LEXIS 97545, at*24-25 (quoting *Endo Parm. Inc. v. Actavis LLC*, 922 F.3d 1365, 1372-73 (Fed. Cir. 2019)).

Here, same facts under 35 U.S.C §102 apply. The scope and content of the prior art are identical to the design patent at issue. No differences between the prior art and the D'859 Patent can be ascertained. The D'859 Patent is obvious to one of ordinary skill in the art. Therefore, the D'859 Patent lacks non-obviousness and is invalid under 35 U.S.C. § 103.

Therefore, Defendants have met the burden of showing by clear and convincing evidence that Plaintiff's D'859 Patent is invalid. Consequently, without genuine dispute as to the invalidity of the D'859 Patent, the Motion for Summary Judgement should be granted in Defendants' favor.

**II. Motion to Dissolve Ex Parte Temporary Restraining**

Even if this court is not convinced that the Motion for Summary Judgement based on the invalidity of the design patent should be granted, the court should still dissolve the ex parte TRO.

The standard for issuing a TRO is the same one that governs issuance of a preliminary injunction. See *Mays v. Dart*, F. Supp. 3d, 2020 WL 1812381, at *5 (N.D. Ill. Apr. 9, 2004); *Long v. Bd. of Educ., Dist. 128*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001)). The decision whether to issue a preliminary injunction or TRO involves a two-step inquiry, with a threshold phase and a balancing phase. See *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017); *Vendavo, Inc. v. Long*, 397 F. Supp. 3d 1115, 1128 (N.D. Ill. 2019).

"First, the party seeking the preliminary injunction has the burden of making a threshold showing: (1) that he will suffer irreparable harm absent preliminary injunctive relief during the pendency of his action; (2) inadequate remedies at law exist; and (3) he has a reasonable likelihood of success on the merits." *Whitaker,* 858 F.3d at 1044; see also *Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018).

"If the movant successfully makes this showing, the court must engage in a balancing analysis, to determine whether the balance of harm favors the moving party or whether the harm to other parties or the public sufficiently outweighs the movant's interests." *Whitaker*, 858 F.3d at 1044. The Court "employs a sliding scale approach" to the balancing analysis; "[t]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Valencia*, 883 F.3d at 966 (quoting *Roland Mach. Co. v. Dresser Indus.*, Inc., 749 F.2d 380, 387 (7th Cir. 1984)). "Ultimately, the moving party bears the burden of showing that a preliminary injunction is warranted." *Courthouse News Serv. v. Brown*, 908 F.3d 1063,1068 (7th Cir. 2018).

Here, the TRO should be dissolved, because **A)** Plaintiff does not have a reasonable likelihood to success on the merits; **B)** the harm identified by Plaintiff is not irreparable and can be adequately remediated; and **C)** the balance of hardships favors Defendant.

**A. Plaintiff does not have reasonable likelihood of success on the merits because the D'859 Patent is invalid.**

Since pre-trial injunction is a drastic remedy, the movant of the TRO bears the burden to "clearly show" that it will likely succeed on the merits with respect to patent validity. *World Kitchen (GHC), LLC v. Zyliss Haushaltwaren AG*, 2004 U.S. Dist. LEXIS 26797, at*8 (N.D. Ill. Nov. 24, 2004) (Citing *Nutrition 21 v. United States*, 930 F.2d 867, 870-71 (Fed. Cir. 1991).

As discussed in **Part I. Motion for Summary Judgement**, Defendants have shown clear and convincing evidence that Plaintiff's D'859 Patent is invalid under both 35 U.S.C. § 102 & §103, which defeats the infringement allegation.

Thus, Plaintiff does not have a reasonable likelihood to success on the merits.

**B. Plaintiff's harm is not irreparable and can be adequately remediated**

Irreparable harm is harm that cannot be compensated by money damages. *Graham v. Medical Mutual of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("the injury must be of a particular nature, so that compensation in money cannot atone for it").

Here, Plaintiff's only claim is based on the alleged design patent infringement pursuant to 35 U.S.C. § 271. Compl. ¶¶ 22-25, ECF No. 1. Given that Plaintiff has failed to establish a reasonable likelihood of success on its Patent Infringement claim, it has also not shown any irreparable harm to support the TRO. Even if this Court finds that Plaintiff has a likelihood of success on the merit, the harm identified by Plaintiff can be adequately compensated by money damage. Therefore, Plaintiff has not shown any irreparable harm.

### C. The balance of hardships favors Defendants.

The nature of the balancing analysis depends on the moving party's likelihood of success: the higher the likelihood, the more the balance tips in favor of granting injunctive relief. *Mays v. Dart*, 2020 U.S. Dist. LEXIS 73230, at*115 (N.D. Ill. Apr. 27, 2020).

As discussed above, Plaintiff does not have a reasonable likelihood to success on the merits. Therefore, the balance tips in favor of Defendants. Furthermore, because of the TRO, Defendant's right to compete and the public's interest in product availability have been compromised. Thus, the balance of harms weighs in favor of dissolving the TRO.

Consequently, this Court should dissolve the TRO.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court to grant the Motion for Summary Judgement, finding that Defendants did not infringe Plaintiff's design patent; and to dissolve the TRO as to freeze Defendants' Amazon accounts.

Defendants also pray for relief, including damage due to the TRO, and attorney's fees to the extent permitted under the applicable law and other relief as the Court deems appropriate.

Respectfully Submitted:

Date: 07/20/2020                                /s/ He Cheng

He Cheng, Esq.
Tao Liu, Esq.
Wei Yang, Esq.

Whitewood Law PLLC
57 West 57th Street
3rd and 4th Floors
New York, NY, 10019
***Attorney for Defendant***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 20, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, along with the attached Exhibits 1-6, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date:  07/20/2020                                    /s/ He Cheng

He Cheng

Whitewood Law PLLC
57 West 57th Street
3rd and 4th Floors
New York, NY, 10019
***Attorney for Defendant***