IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ouyenic, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:20-cv-03591 |
| v. | ) | |
| | ) | Hon. Judge John Robert Blakey |
| Individuals, Partnerships, and | ) | |
| Unincorporated Associations Identified | ) | Hon. Mag. Judge Gabriel A. Fuentes |
| on Schedule "A," | ) | |
| | ) | |
| Defendants. | ) | |

### Defendant's Answer

**NOW COMES** Defendant Anymall ("Defendant" or "Anymall") by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint.

### Jurisdiction and Venue

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

    **Answer.** Admit.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants have committed the acts as described herein within this judicial district.

    **Answer.** Defendant admits that venue is proper in this Court. Defendant denies any remaining allegations of Paragraph 2.

3. Upon information and belief, the Defendants are subject to this Court's specific and general jurisdiction due to at least their substantial business in the forum, this business includes: (i) at least a portion of the acts complained; (ii) regularly conducting or soliciting business, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this Judicial District; and (iii) directly targeting consumers in the United States, including Illinois, by operating one or more commercial, interactive Defendant Internet Stores through which

Illinois residents can purchase products using infringing versions of Plaintiff's design patent products. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products using infringing versions of Plaintiff's design patent to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused substantial injury in the State of Illinois.

    **Answer.** Defendant admits that it is subject to this Court's specific jurisdiction. Defendant denies any remaining allegations of Paragraph 3.

## Parties

4. Plaintiff, Ouyeinc Ltd., is a Colorado Corporation, with a principal place of business at 36 South 18th Avenue, Suite A, Brighton, CO 80601.

    **Answer.** Admit.

5. Defendants are individuals and businesses who conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified in Schedule A, attached hereto. Each Defendant targets the United States, including Illinois, and has offered to sell and/or has sold and/or continues to sell infringing products to consumers within the United States, including Illinois and in this Judicial District.

    **Answer.** Defendant admits that it has sold products into this Judicial District. Defendant denies any remaining allegations of Paragraph 5.

6. While Defendants' identities and locations are now unknown to Plaintiff, upon information and belief, Defendants are primarily individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Tactics used by Defendants to conceal their

identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

> **Answer.** Defendant admits this it is a Chinese business. Defendant denies any remaining allegations of Paragraph 6.

### Background

7. On January 22, 2019, registration number US D838,859 S (hereinafter "the D'859 Patent"), entitled "Wax Warmer," was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the D'859 patent is attached as Exhibit 1. The D'859 patent is valid, enforceable and currently in full force and effect.

> **Answer.** Defendant admits that the D'859 was issued on January 22, 2019. Defendant denies any remaining allegations of Paragraph 7.

8. Plaintiff is the owner and assignee of all substantial rights, title and interest in the D'859 Patent, including the right to bring this action and enforce the D'859 Patent against infringers, and to collect damages for all relevant times. *See* Exhibit 2.

> **Answer.** Defendant is without information to either affirm or deny the allegations of Paragraph 8 and therefore denies the same.

9. Plaintiff designs, manufactures and sells products which incorporate Plaintiff's patented designs (collectively, the "Plaintiff's Products").

> **Answer.** Admit.

10. Plaintiff's Products are known for their distinctive patented designs. These designs are broadly recognized by consumers.

> **Answer.** Denied.

11. Plaintiff uses these designs in connection with its Plaintiff's Products, as shown for example in the side-by-side comparison below:

| D'859 Patent | Ouyeinc Ltd's Wax Warmer |



**Answer.** Denied.

12. Plaintiff operates a website and also through Amazon platform (collectively "Plaintiff's selling sites") where it promotes and sells genuine Plaintiff's Products. Sales of Plaintiff's Products via Plaintiff's selling sites represent a significant portion of Plaintiff's business. Plaintiff's selling sites features proprietary content, images and designs exclusive to Plaintiff.

**Answer.** Defendant is without information to either affirm or deny the allegations of Paragraph 12 and therefore denies the same.

13. Upon information and belief, the Defendants have created and continue to create numerous Amazon.com, AliExpress.com, Alibaba.com, Wish.com and eBay.com stores and design them to appear to be selling genuine Pro-Wax100 products, while selling infringing versions of Plaintiff's products. The Amazon.com, AliExpress.com, Alibaba.com, Wish.com andeBay.com stores identified in Schedule A appear to be related entities in some cases. Some stores share several distinct and unique features such as using nearly identical store designs and using identical product pages, including identical pictures and product descriptions. This establishes a logical

relationship between them suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

 **Answer.** Denied.

14. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Amazon.com, AliExpress.com, Alibaba.com, Wish.com and eBay.com stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products, to consumers within the United States, including Illinois and in this Judicial District.

 **Answer.** Defendant admits that it is a Chinese business that operates the Amazon storefront Anymall. Defendant denies any remaining allegations of Paragraph 14.

### Defendants' Unlawful Conduct

15. The success of the Plaintiff's products has resulted in its being infringed upon by a wide range of different marketplace stores. Plaintiff has identified numerous marketplace stores on Amazon.com, AliExpress.com, Alibaba.com, Wish.com and eBay.com which are offering for sale, selling, and importing infringing and unauthorized products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating subsequent online Stores.

 **Answer.** Denied.

16. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various

platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their infringing operations, and to avoid being shut down.

    **Answer.**    Denied.

17. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, infringing products for sale in the Defendant Internet Stores bear similar infringing indicia to one another, suggesting that the infringing products were manufactured by and come from a common source and that Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the similar accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the similar incorrect grammar and misspellings, and the use of the similar text and images, including content copied from Plaintiff's product listings.

    **Answer.**    Denied.

18. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other online infringing cases use a variety of methods to evade enforcement efforts including simply registering new online marketplace accounts once they receive notice of a lawsuit, and operating multiple credit card merchant accounts to evade collection efforts by Plaintiffs armed with enforceable judgments. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their online money accounts, to offshore bank accounts outside the jurisdiction of this Court.

    **Answer.**    Denied.

19. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to infringe Plaintiff's design patent in connection with the advertisement, distribution, offering for sale, and sale of infringing products into the United States and Illinois over the Internet. Each Defendant Amazon.com, AliExpress.com, Alibaba.com, Wish.com and eBay.com account shipped infringing products to the United States, including Illinois, and has in fact sold or offered for sale the products during the course of Plaintiff's preliminary investigations.

    **Answer.**    Denied.

20. Defendants' infringement of Plaintiff's Design in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

    **Answer.**    Denied.

21. Defendants' infringement of Plaintiff's Design in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, is irreparably harming Plaintiff.

    **Answer.**    Denied.

## Count I

## Design Patent Infringement (35 U.S.C. § 271)

22. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

    **Answer.**    Defendant re-alleges and incorporated by reference each and every answer set forth in the preceding paragraphs as if fully set forth herein.

23. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in Plaintiff's Design.

    **Answer.**    Denied.

24. Defendants have infringed the Plaintiff's Design through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

    **Answer.**    Denied.

25. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284

    **Answer.**    Denied.

**WHEREFORE**, Defendant denies that it is liable to Plaintiffs on any of the claims alleged or that Plaintiff is entitled to any relief, and Defendants pray that this Court enter judgment in favor of Defendants and against Plaintiff and that this Court denies Plaintiff any relief whatsoever.

**[Remainder of Page Intentionally Left Blank]**

**Separate Affirmative Defenses**

**NOW COMES** Defendant in response to Plaintiff's claims states and alleges each of the following Affirmative Defenses, to be applied together or in the alternative without assuming the burden of proof when such burden would otherwise be on the Plaintiff, as follows:

1. **Patent Non-Infringement**. Defendant has not infringed, and currently does not infringe, the D'859 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

2. **Patent Invalidity**. The claim of the D'859 Patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103, 112, and/or 171 thereof. The D'859 Patent claims a priority date of September 20, 2017 (the filing date of Application No. 29/618,205), however at least three prior art references predate the priority by more than one year: Chinese Patent No. 303721589S issued June 22, 2016; a YouTube video demonstrating the product allegedly covered by the D'859 Patent published on September 11, 2014; and the Amazon.com sale of product allegedly covered by the D'859 Patent that was reviewed on April 23, 2015.

**Chinese Patent No. 303721589S**



**Screenshot of YouTube video demonstrating the product allegedly covered by the D'859 Patent published on September 11, 2014, viewable at https://www.youtube.com/watch?v=K-RVuKMHnmM**



**Amazon.com sale of product allegedly covered by the D'859 Patent that was reviewed on April 23, 2015**



None of these references were cited by the D'859 Patent's examiner and completely or partially disclose D'859 design which is unpatentable over them.

3. **Functionality**. The claims made in the Complaint and the relief sought herein are barred, in whole or in part, on the basis that the D'859 Patent design is functional.

Page 10

4. **Laches**. The D'859 Patent is unenforceable against Defendant under the doctrine of laches, as Plaintiff was aware of Defendant's allegedly-infringing conduct at least as early as May 8, 2019 and yet delayed bringing suit until June 18, 2020, such delay materially prejudicing Defendant's ability to present a full and fair defense on the merits due to the potential loss of certain records and the unreliability of memories of long past events, in addition to materially prejudicing Defendant by allowing it to incur monetary damages through the purchase of inventory of the allegedly-infringing products after May 8, 2019 which would not have occurred had Plaintiff either simply notified Defendant, notified Amazon, or filed suit earlier.

5. **Failure to Mitigate**. The claims made in the Complaint are barred, in whole or in part, because of Plaintiff's failure to mitigate damages, if any exist, by, without limitation, failing to act to enforce any purported rights in the D'859 prior to filing the lawsuit including, without limitation, by sending notice to Defendant of Plaintiff's claims or initiating any dispute resolution procedures administered by Amazon.com directly.

6. **Prosecution History Estoppel**. Plaintiff is estopped from asserting any interpretation of any valid claim of the D'859 Patent to cover any of Defendant's products used, imported, sold, or offered for sale, and Plaintiff's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution of the D'859 Patent and/or any related patents or patent applications.

7. **Failure to Mark**. The claims made in the Complaint are barred, in whole or in part, because on information and belief Plaintiff failed to properly mark its products as required under 35 U.S.C. §§ 286, 287.

8. **No Willful Infringement**. Plaintiff's claims for enhanced damages and an award of fees and costs against Defendant has no basis in fact or law and should be denied.

[Remainder of Page Intentionally Left Blank]

## Counterclaims

### Parties

1. Defendant / Counter-Plaintiff is an e-commerce reseller located in Guangdong, China.

2. Plaintiff / Counter-Defendant is a is a Colorado Corporation, with a principal place of business at 36 South 18th Avenue, Suite A, Brighton, CO 80601.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over the Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201-2202 as this action arises under the Patent Act, 35 U.S.C. § 1, et seq. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. This Court may exercise jurisdiction over Plaintiff as it has already submitted itself to this Court's jurisdiction by filing its lawsuit here.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1391(c) because Plaintiff is subject to this Court's personal jurisdiction.

### Count I - Declaratory Judgment of Patent Invalidity (U.S. Patent No. US D838,859 S)

6. Defendant incorporates by reference all admissions it has made in the accompanying Answer and Affirmative Defenses.

7. Defendant is an e-commerce reseller selling products online, including on Amazon.com.

8. Among other products, Defendant sells personal care wax warmers which generally comprise a metal pan, heating element, and housing incorporating a control dial and electrical connections. A true and correct copy of Plaintiff's evidence showing the wax warmer product Defendant sold is attached hereto as Exhibit 1.

9. On June 18, 2020, Plaintiff filed its Complaint alleging that the use, manufacturing, sale, and offer for sale of certain wax warmer devices by defendants infringe U.S. Patent No. D838,859 S (the "D'859 Patent"). Defendant has denied such allegations and contends that the D'859 Patent is invalid and/or unenforceable.

10. In view of the aforementioned allegations, an actual controversy exists between Defendant and Plaintiff concerning the validity, enforceability, and alleged infringement of the D'859 Patent.

11. The aforementioned actual controversy, in connection with the use, manufacturing, sale, and offer for sale of certain wax warmers by Defendant as alleged, encompasses subject matter of the D'859 Patent.

12. The D'859 Patent is invalid as the disclosed and claimed subject matter does not constitute invention or discovery within the purview of Article 1A, Section 8, Clause 8 of the United States Constitution or the Patent Act as set forth in Title 35 of the United States Code.

13. The claimed design of the D'859 Patent substantially predated, in published fashion, Plaintiff's application for the D'859 Patent by more than the one-year allowed by statutory exceptions. First, a video was published to YouTube[1] on September 11, 2014 showing in detail the design allegedly covered by the D'859 Patent. A true and correct copy of a screenshot of the published YouTube video is attached hereto as Exhibit 2.

14. Second, a product allegedly covered by the D'859 was sold on Amazon.com at least as early as April 23, 2015. A true and correct copy of a review dated April 23, 2015 for that product is attached hereto as Exhibit 3.

---

[1] The video is available at https://www.youtube.com/watch?v=K-RVuKMHnmM, last accessed May 17, 2021.

Page 13

15. Third, the design covered by the D'859 Patent was disclosed in Chinese Patent No. 303721589S that issued June 22, 2016. A true and correct copy of the Chinese Patent is attached hereto as Exhibit 4.

16. The above three references are all material prior art which preempt the D'859 Patent.

17. Alternatively, the above three references, together with the references cited by the examiner during prosecution render the claim of the D'859 Patent obvious to a designer of ordinary skill who designs articles of the type involved under 35 U.S.C. § 103.

18. Upon information and belief, Defendant is entitled to a declaratory judgment that the claim(s) of the D'859 Patent are invalid and/or unenforceable under 35 U.S.C. §§ 101 et seq., for failing to meet the requirements of at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. As a direct and proximate result of the aforementioned acts, Defendant has been damaged through Plaintiff's assertion of a knowingly invalid patent in an amount which cannot presently be ascertained.

20. The actions of Plaintiff in causing in causing the aforementioned damages were made willfully, wantonly and maliciously against Defendant.

21. Defendant is informed and believe, and therefore avers, that unless restrained by an Order from this Court, Plaintiff will continue the aforementioned acts, to Defendant's irreparable injury, for which Defendant has no adequate remedy at law.

22. This is an exceptional case under 35 U.S.C. § 285, entitling Defendant to recover reasonable attorneys' fees and other relief.

**Abuse of Process**

23. Defendant incorporates by reference all admissions it has made in the accompanying Answer and Affirmative Defenses.

24. Defendant is an e-commerce reseller selling products online, including on Amazon.com.

25. Among other products, Defendant sells personal care wax warmers which generally comprise a metal pan, heating element, and housing incorporating a control dial and electrical connections. A true and correct copy of Plaintiff's evidence showing the wax warmer product Defendant sold is attached hereto as Exhibit 1.

26. Defendant is a competitor of Plaintiff, and it is Plaintiff's best interest that Defendant is not in business.

27. On June 18, 2020, Plaintiff filed its Complaint alleging that the use, manufacturing, sale, and offer for sale of certain wax warmer devices by defendants infringe U.S. Patent No. D838,859 S (the "D'859 Patent"). Defendant has denied such allegations and contends that the D'859 Patent is invalid and/or unenforceable.

28. Upon information and belief, Plaintiff abused the governmental processes of this Court by seeking and maintaining a temporary restraining order to seize Defendant's assets and prosecute this case for extortionate and anti-competitive purposes.

29. Upon information and belief, Plaintiff performed little if any due diligence and pre-filing fact investigation, including with respect to the enforceability of the D'859 Patent.

30. The entry of the TRO, and its conversion into the preliminary injunction, has disrupted Defendant's business operations as the funds in Defendant's account which are frozen - approximately $433,910 - are necessary for Defendant to conduct its business.

31. Plaintiff has succeeded in disabling a competitor who was lawfully selling competing products.

32. Defendant first informed Plaintiff of the aforementioned prior art references on April 27, 2021.

33. Defendant, also on April 27, 2021, provided to Plaintiff records of the sales of the allegedly-infringing products, totaling merely $1,321.49. A true and correct copy of that record is attached hereto as Exhibit 5. Plaintiff's response to Defendant's notification to Plaintiff of the cited prior art references and sales records was a patently unreasonable settlement demand.

**34.** Plaintiff's patent infringement claims against Defendant are objectively unreasonable.

**35.** Despite being provided with clear evidence of the invalidity of the D'859 Patent on April 27, 2021, Plaintiff has declined to lift its restraint of Defendant's property, currently secured by the preliminary injunction.

**36.** Plaintiff has continued to prosecute this action against its competitor, Defendant, because it knows that continued defense will impose substantial costs, particularly which Defendant cannot pay from its frozen assets.

**37.** At relevant times, Plaintiff has maintained an ulterior purpose to its intellectual property enforcement activities; namely, pursuing competitors who are engaging in lawful commerce by, with willful blindness, attempting to enforce its invalid patent.

**38.** The foregoing acts of Plaintiff constitute an abuse of process under Illinois law.

**39.** Plaintiff's actions in seeking an asset-restraining TRO, converting the TRO into a preliminary injunction, and declining to lift at least that asset-restraints therein after Defendant has identified the invalid nature of use of the D'859 patent are part of an attempt by Plaintiff to fabricate facts, leading to issuance of legal process in an attempt to misuse or pervert regular and lawful court process in a tortious and improper way.

**40.** Plaintiff's actions are oppressive because they lack merit and have a high cost of defense, particularly where funds which might otherwise be used to pay those costs are unavailable because of Plaintiff's actions.

**41.** Plaintiff's actions in obtaining an asset restraint and continuing to litigate this case against Defendant has caused and continue to cause damage to Defendant.

**WHEREFORE**, Defendant / Counter-Plaintiff Anymall prays that this Court:

**A.** Deny Plaintiff all relief against Defendant;

**B.** Declare that the D'859 Patent is invalid and unenforceable;

C.  Declare that Defendant has not infringed the D'859 Patent by the manufacture, use, offer for sale, sale, or importation of any products identified in the Amended Complaint, either directly, contributorily, or indirectly by inducement, literally or under the Doctrine of Equivalents;

D.  Enter judgment in favor of Defendant and against Plaintiff in an amount, to be proved at trial, consisting of the damages suffered by Defendant as a result of Plaintiff's wrongful conduct including but not limited to damages due to the asset restraint and the attorneys' fees and costs incurred defending against Plaintiff's attempts to abuse the process; and

E.  Award Defendant such other and further relief as this as the Court deems just and proper.

Dated: May 17, 2021

Respectfully Submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
(312) 715-7312
(312) 646-2501 (fax)
adamu@au-llc.com

*Counsel for Defendant Anymall*